# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LAKEFRONT AT WEST CHESTER, LLC, | Case No. 1:21-cv-444 |
| Plaintiff, | Dlott, J. |
| | Litkovitz, M.J. |
| vs. | |
| ROSALIND HOLMES, | REPORT AND |
| Defendant. | RECOMMENDATION |

Defendant Rosalind Holmes filed a pro se motion to remove a state court civil action to the United States District Court. (Doc. 1-2; Doc. 8). This matter is before the Court on Ms. Holmes's motion "for Removal to Federal Court" (Doc. 1-2; Doc. 8), plaintiff Lakefront at West Chester, LLC ("Lakefront")'s motion to remand this matter to the Butler County, Ohio Area III Court on the grounds that this federal court lacks subject matter jurisdiction over the state court case (Doc. 2), and Ms. Holmes's "motion in opposition of remand" (Doc. 12). This matter is also before the Court on plaintiff's motions to file under seal (Doc. 3), to appoint counsel (Docs. 4, 11), and to authorize electronic filing privileges (Doc. 9) and on Lakefront's motion for bond under Ohio Rev. Code § 1923.08 (Doc. 14).

Ms. Holmes is a party-defendant in a state court eviction action in the Butler County, Ohio Area III Court. Lakefront filed a complaint for eviction and money damages against Ms. Holmes on June 16, 2021. (Doc. 8 at PAGEID 125-129). The complaint alleges that Ms. Holmes was served with a written notice of termination of tenancy on March 22, 2021 to vacate by May 20, 2021. Ms. Holmes failed to vacate the premises and was served with a notice to vacate for holding over the term on June 5, 2021. That tenancy expired on June 8, 2021, prompting the filing of the forcible entry and detainer action by Lakefront. (*Id.*)

On June 30, 2021, Ms. Holmes filed her motion for removal in this federal court. (Doc. 1-2). Ms. Holmes alleges removal of the state court forcible entry and detainer action to this federal court is appropriate based on her "affirmative defense" of "Housing Discrimination under 42 U.S.C. 3601(a)(b) & -- 42 U.S.C. 3601," which she states arises under the federal question jurisdiction of the Court. (Doc. 8 at PAGEID 110).

This Court lacks subject matter jurisdiction over this removed state court eviction action. Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Vill. of Oakwood v. State Bank and Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996)). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

The Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's

2

well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. *See also Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 357 (6th Cir. 2015) ("Under the well-pleaded complaint rule, the plaintiff 'is master to decide what law he will rely upon.'") (quoting *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003)). In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Bd.*, 463 U.S. at 12). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metro. Life*, 481 U.S. at 63; *Chase Manhattan Mortg. Corp.* v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007).

Ms. Holmes has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint does not show this case arises under the Constitution or laws of the United States. Ms. Holmes appears to contend that Lakefront violated her civil rights in connection with the state court eviction proceeding. However, even if Ms. Holmes asserts a

3

federal defense to the state court eviction action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 8-12; *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914-15. Therefore, Ms. Holmes has failed to meet her burden of showing federal question jurisdiction in this matter.

In her response in opposition to Lakefront's motion to remand, Ms. Holmes alleges that the "U.S. District Court has jurisdiction over Lakefront's artfully plead (sic) state law answer and counterclaim because it arises out of incidents and or occurrences described in Rosalind Holmes' Title VIII housing discrimination complaint." (Doc. 12 at PAGEID 187). Ms. Holmes contends:

> Since Lakefront's eviction proceedings arise from the same incidents or occurrences as described in Rosalind Holmes' Title VIII housing discrimination complaint they are properly classified as an answer and counterclaim. In both eviction pleadings, Lakefront improperly failed plead any defenses to or mention Rosalind Holmes' May 7, 2021, Title VIII housing discrimination complaint filed against them. Therefore, Plaintiffs have attempted to avoid federal jurisdiction by filing independent eviction actions without ever pleading any defenses to or mentioning Rosalind Holmes' related complaint of Title VIII housing discrimination. Moreover, Lakefront's improperly drafted independent eviction actions are answers and counterclaims artfully crafted to evade federal jurisdiction. "A plaintiff cannot avoid federal court simply by omitting a necessary federal question in the complaint; in such a case the necessary federal question will be deemed to be alleged in the complaint." 15 Moore's Federal Practice 103.43.

(Doc. 12 at PAGEID 189).

Ms. Holmes is correct that there are exceptions to the well-pleaded complaint rule, including the artful-pleading doctrine:

> Under the artful-pleading doctrine, "plaintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." . . . Where it appears that the plaintiff may have carefully crafted her complaint to circumvent federal jurisdiction, "we consider whether the facts alleged in the complaint actually implicate a federal cause of action."

4

*Berera*, 779 F.3d at 358 (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560, 561 (6th Cir. 2007)). However, Lakefront's state court complaint is not camouflaged to avoid stating a federal claim. The state court complaint alleges that Ms. Holmes failed to vacate the premises after the termination of her tenancy, which does not implicate any federal claim. Rather, it is Ms. Holmes who is attempting to raise a federal defense of housing discrimination in response to the eviction action. The artful-pleading doctrine simply does not apply in this situation.

Ms. Holmes also contends that Lakefront was required to bring its eviction action as a compulsory counterclaim in response to her state court housing discrimination complaint, *see Holmes v. Lakefront at West Chester*, No. CV 2021 05 0639 (Butler County Court of Common Pleas May 7, 2021),[1] which was filed on May 7, 2021.[2] Even if Ms. Holmes were correct, this would not permit Ms. Holmes to remove the eviction counterclaim to federal court. The federal removal statute provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under the plain terms of the statute, the right to remove is limited to "the defendant or defendants." *Id*. This means that a plaintiff

---

[1] Ms. Holmes's complaint alleges she was discriminated against on the basis of her race, African American, and retaliated against for engaging in protected activities. The complaint alleges that Ms. Holmes discovered water bugs in her apartment; that her mailbox lock had been changed without her knowledge or consent; that someone had been opening and closing her front door without her consent and she had been experiencing similar harassment at every apartment community in which she had lived; that Lakefront had engaged in a conspiracy with the Federal Bureau of Investigation, the City of Cincinnati, the State of Ohio, and others to retaliate against her for filing a federal discrimination lawsuit and an attorney misconduct complaint; that someone broke into her apartment and stole legal paperwork and files; and that "the FBI, City of Cincinnati, State of Ohio and others including Lakefront and PLK have engaged in warrantless surveillance of plaintiff's (sic) and entry," among other claims. (*Id.*, complaint ¶ 17).

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

who files suit in state court is precluded from removing a case to federal court, even if that person is later named as a counterclaim defendant. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). *See also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."). Because Ms. Holmes is the plaintiff in the state court civil rights action, she would not be authorized to remove the case from state to federal court even if Lakefront filed its eviction action against Ms. Holmes as a counterclaim.

In addition, Ms. Holmes may not remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914; *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Ms. Holmes is an Ohio resident, removal on the basis of diversity jurisdiction is barred under 28 U.S.C. § 1441(b).

Accordingly, the Court lacks subject matter jurisdiction over this action.

### IT IS THEREFORE RECOMMENDED THAT:

1. Ms. Holmes's motion to remove a state court civil action to the United States District Court (Doc. 1-2; Doc. 8) and "motion in opposition of remand" (Doc. 12) be **DENIED**.

    2. Lakefront's motion to remand this matter to the Butler County, Ohio Area III Court (Doc. 2) be **GRANTED**.

    3. Plaintiff's motions to file under seal (Doc. 3), to appoint counsel (Docs. 4, 11), and to authorize electronic filing privileges (Doc. 9) and Lakefront's motion for bond under Ohio Rev. Code § 1923.08 (Doc. 14) be **DENIED** as moot.

    4. This matter be **DISMISSED** from the docket of the Court for lack of subject matter jurisdiction.

    5. This matter be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

Date: 7/16/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LAKEFRONT AT WEST CHESTER, LLC, | Case No. 1:21-cv-444 |
| Plaintiff, | Dlott, J. |
| | Litkovitz, M.J. |
| vs. | |
| ROSALIND HOLMES, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).